IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| TERRY KING, | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | |
| vs. | : | |
|  | : | CIVIL ACTION 16—0154-WS-M |
| CAROLYN W. COLVIN, | : | |
| Commissioner of | : | |
| Social Security, | : | |
|  | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling that denied a claim for Supplemental Security Income (Doc. 1). Pending before the Court, presently, however, is a Motion to Dismiss (Doc. 23). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72, and S.D.Ala. Gen.L.R. 72. It is recommended that the Motion to Dismiss (Doc. 23) be granted.

An action may be dismissed "[f]or failure of the plaintiff to prosecute or comply with [the Federal Rules of Civil Procedure] or any order of the court." Fed.R.Civ.P. 41(b); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *Kilgo v. Ricks*, 983

1

F.2d 189, 192 (11th Cir. 1993).  In addition, the court may dismiss an action *sua sponte* to "achieve the orderly and expeditious disposition of cases."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *see also Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket").

However, "the severe sanction of dismissal should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'  There must also be a finding that less severe sanctions would not suffice."  *Rodgers v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (citations omitted); *see also Mingo*, 864 F.2d at 102 ("dismissal is warranted only upon a 'clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice.'") (*quoting Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

In this action, Plaintiff's former Attorney filed a Motion to Withdraw, stating that she had concluded that "Plaintiff could not prevail on the merits" of her claim (Doc. 23).  The Attorney also, in that same pleading, requested that this action be dismissed (Doc. 23).

The undersigned granted Plaintiff's Attorney's Motion to Withdraw and ordered Plaintiff to inform the Court, not later

2

than October 4, 2016, whether or not she wished to continue with this action (Doc. 26).  As of this date, King has not responded.

Therefore, it is recommended that Plaintiff's Motion to Dismiss (Doc. 23) be granted and that this action be dismissed, without prejudice,[1] pursuant to her Attorney's Motion, and for her failure to prosecute this action and follow the Orders of this Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 7(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

---

[1] Though it is recommended that this action be dismissed without prejudice, the undersigned notes that a Social Security Claimant has only, at most, sixty-five days to file an action in federal court once notice is received from the Appeals Council of an adverse decision. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).  More than sixty-five days have passed since King received her Appeals Council notice (Doc. 1), so a future action would, most likely, not be allowed.

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 6th day of October, 2016.

></br>
s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE